# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |

| | |
|---|---|
| In Re: Wire Harness | Case No. 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | Case No. 2:12-cv-00203 |
| In Re: Heater Control Panels | Case No. 2:12-cv-00403 |
| In Re: Bearings | Case No. 2:12-cv-00503 |
| In Re: Anti-Vibrational Rubber Parts | Case No. 2:13-cv-00803 |
| In Re: Windshield Wipers | Case No. 2:13-cv-00903 |
| In Re: Radiators | Case No. 2:13-cv-01003 |
| In Re: Starters | Case No. 2:13-cv-01103 |
| In Re: Automotive Lamps | Case No. 2:13-cv-01203 |
| In Re: Ignition Coils | Case No. 2:13-cv-01403 |
| In Re: HID Ballasts | Case No. 2:13-cv-01703 |
| In Re: Electronic Powered Steering Assemblies | Case No. 2:13-cv-01903 |
| In Re: Fan Motors | Case No. 2:13-cv-02103 |
| In Re: Fuel Injection Systems | Case No. 2:13-cv-02203 |
| In Re: Power Window Motors | Case No. 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | Case No. 2:13-cv-02403 |
| In Re: Air Conditioning Systems | Case No. 2:13-cv-02703 |
| In Re: Windshield Washer Systems | Case No. 2:13-cv-02803 |
| In Re: Constant Velocity Joint Boot Products | Case No. 2:14-cv-02903 |
| In Re: Spark Plugs | Case No. 2:15-cv-03003 |
| In Re: Shock Absorbers | Case No. 2:15-cv-03303 |
| In Re: Body Sealing Products | Case No. 2:16-cv-03403 |
| In Re: Interior Trim Products | Case No. 2:16-cv-03503 |
| In Re: Automotive Brake Hoses | Case No. 2:16-cv-03603 |
| In Re: Exhaust Systems | Case No. 2:16-cv-03703 |
| In Re: Ceramic Substrates | Case No. 2:16-cv-03803 |
| In Re: Automotive Steel Tubes | Case No. 2:16-cv-04003 |
| In Re: Access Mechanisms | Case No. 2:16-cv-04103 |
| In Re: Door Latches | Case No. 2:17-cv-11637 |

THIS DOCUMENT RELATES TO:

END-PAYOR ACTIONS

**DEFENDANTS' OPPOSITION TO GEICO'S MOTION TO INTERVENE AND STAY FINAL FAIRNESS DETERMINATION –** *EXPEDITED TREATMENT REQUESTED*

## STATEMENT OF THE ISSUES PRESENTED

1.   Whether the Court should deny GEICO's request to stay the final fairness determination and entry of final judgment for the Round 3 End-Payor Plaintiffs' Settlement Agreements to permit GEICO to lodge an untimely objection to the settlements, where the deadline for objections has long since passed, GEICO was fully aware of the deadline, GEICO knew that its claims had been released by the settlements, and the proposed final judgments will preserve the Court's jurisdiction over questions of the validity and effect of GEICO's exclusion request.

2.   Whether, consistent with controlling Supreme Court precedent and the routine practice of federal courts overseeing class action settlements, the Court should deny GEICO's motion to intervene to be heard on Defendants' challenge to the validity of its exclusion request and other issues affecting its interests in the Round 3 settlements, because GEICO may be heard on those issues without intervening as a party under Rule 24.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Cases**

*In re Auto. Parts Antitrust Litig.*, 2017 WL 3499291 (E.D. Mich. July 10, 2017), *appeal dismissed sub nom. In re: Wire Harnesses*, 2017 WL 5664917 (6th Cir. Sept. 15, 2017).

*Devlin v. Scardelletti*, 536 U.S. 1 (2002).

*Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008).

*Int'l Bhd. of Elec. Workers, Local Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864 (6th Cir. 1989).

**Rules**

Federal Rule of Civil Procedure 24

## **TABLE OF AUTHORITIES**

**Page(s)**

*Alumax Mill Prods. v. Congress Fin. Corp.*,
    912 F.2d 996 (8th Cir. 1990) ...................................................8

*In re Auto. Parts Antitrust Litig.*,
    2017 WL 3499291 (E.D. Mich. July 10, 2017) ................................ 8

*Bailey v. AK Steel Corp.*,
    2008 WL 148941 (S.D. Ohio Jan. 14, 2008) .................................11

*Devlin v. Scardelletti*
    536 U.S. 1 (2002)........................................................10

*Doe v. Cin-Lan, Inc.*,
    2011 WL 37970 (E.D. Mich., Jan. 5, 2011)...................................11

*Fidel v. Farley*,
    534 F.3d 508 (6th Cir. 2008) ............................................ 11

*Int'l Bhd. of Elec. Workers, Local Union No. 2020, AFL-CIO v. AT&T Network*
*Sys. (Columbia Works)*,
    879 F.2d 864 (6th Cir. 1989) .........................................4, 9

*Jansen v. City of Cincinnati*,
    904 F.2d 336 (6th Cir. 1990) ...........................................12

*Mayfield v. Barr*,
    985 F.2d 1090 (D.C. Cir. 1993)...........................................8

*Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*,
    565 F.2d 393 (6th Cir. 1977) ...........................................4

*Parkwest Dev., LLC v. Ellahi*,
    2018 WL 3640433 (E.D. Mich. Aug. 1, 2018) ................................11

*Steinfeld v. Discover Fin. Servs.*,
    2014 WL 1309352 (N.D. Cal. Mar. 31, 2014).................................11

**Rules**

E.D. Mich. Local Rule 7.1(a)...................................................13

Fed. R. Civ. P. 24 ....................................................... *passim*

iii

### TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED ......................................................... i

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................... ii

TABLE OF CONTENTS ........................................................................................ iv

INTRODUCTION ................................................................................................... 2

ARGUMENT ........................................................................................................... 3

I.    THE COURT SHOULD DENY GEICO'S REQUEST TO STAY A FINAL
      FAIRNESS DETERMINATION AND ENTRY OF FINAL JUDGMENT. ................ 3

      A.    The Court Should Not Delay Final Approval To Accommodate
            GEICO's Interest In Submitting An Untimely Objection to the
            Settlement. ........................................................................................ 4

      B.    Settlement Class Members and Defendants Would Be Harmed If the
            Court Stays Entry of Final Judgment. ............................................. 9

II.   GEICO'S MOTION TO INTERVENE IS BOTH UNNECESSARY AND
      UNTIMELY ........................................................................................................ 10

      A.    GEICO Does Not Need To Intervene To Represent Its Interests With
            Regards to the Settlements. ............................................................ 10

      B.    Even If GEICO Was Required To Intervene To Be Heard, Its Motion
            To Do So Is Untimely. ...................................................................... 11

      C.    The Court Should Deny GEICO's Alternative Request To Intervene
            Under Rule 24(b). ............................................................................ 12

CONCLUSION ...................................................................................................... 13

Defendants[1] submit their opposition to GEICO and certain of its affiliates' ("GEICO" or "insurers") motion to intervene and stay the final fairness determination and entry of final judgment for the Round 3 Settlement Agreements between End Payor Plaintiffs and Defendants ("Mot."). A hearing on GEICO's motion to intervene is currently on the proposed agenda for the September 26, 2018 status conference. Defendants would welcome an expedited resolution to this motion and are available to appear for an earlier hearing, if the Court prefers.[2]

---

[1]    Defendants are: Aisan Industry Co., Ltd.; Aisan Corporation of America; Franklin Precision Industry, Inc.; Hyundam Industrial Co., Ltd.; ALPHA Corporation; Alpha Technology Corporation; Alps Electric Co., Ltd.; Alps Electric (North America), Inc.; Alps Automotive, Inc.; Robert Bosch GmbH; Robert Bosch LLC; Bridgestone Corporation; Bridgestone APM Company; Calsonic Kansei Corporation; CalsonicKansei North America, Inc.; Chiyoda Manufacturing Corporation; Chiyoda USA Corporation; Continental Automotive Systems, Inc.; Continental Automotive Electronics, LLC; Continental Automotive Korea Ltd.; Diamond Electric Mfg. Co., Ltd.; Diamond Electric Mfg. Corp.; Eberspächer Exhaust Technology GmbH & Co. KG; Eberspächer North America, Inc.; MAHLE Behr GmbH & Co. KG; MAHLE Behr USA Inc.; Faurecia Abgastechnik GmbH; Faurecia Systèmes d'Échappement; Faurecia Emissions Control Technologies, USA, LLC; Faurecia Emissions Control Systems, N.A., LLC; Hitachi Automotive Systems, Ltd.; Hitachi Metals, Ltd.; Hitachi Cable America Inc.; Hitachi Metals America, Ltd.; INOAC Corporation; INOAC Group North America, LLC; INOAC USA Inc.; JTEKT Corporation; JTEKT Automotive North America, Inc.; JTEKT North America Corp., formerly d/b/a Koyo Corporation of U.S.A.; Kiekert AG; Kiekert USA Inc.; Koito Manufacturing Co., Ltd.; North American Lighting, Inc.; MITSUBA Corporation; American Mitsuba Corporation; Nachi-Fujikoshi Corp.; Nachi America Inc.; NGK Insulators, Ltd.; NGK Automotive Ceramics USA, Inc.; NGK Spark Plug Co., Ltd.; NGK Spark Plugs (U.S.A.), Inc.; Nishikawa Rubber Co. Ltd.; Sanden Automotive Components Corp.; Sanden Automotive Climate Systems Corp.; Sanden International (USA), Inc.; SKF USA Inc.; Stanley Electric Co., Ltd.; Stanley Electric U.S. Co., Inc.; and II Stanley Co., Inc.; Tenneco Inc.; Tenneco Automotive Operating Co., Inc.; Tenneco GmbH; Toyo Tire & Rubber Co., Ltd.; Toyo Automotive Parts (USA), Inc.; Toyo Tire North America OE Sales LLC; Usui Kokusai Sangyo Kaisha, Ltd.; Usui International Corporation; Valeo S.A.; Yamada Manufacturing Co., Ltd.; Yamada North America, Inc.; Yamashita Rubber Co., Ltd.; and YUSA Corporation (collectively, "Defendants"). All capitalized terms have the same meaning as in the Settlement Agreements, unless otherwise stated.

[2]    On August 27, 2018, GEICO filed a "Supplement in Support of Its Motion to Intervene and Stay Final Fairness Determination." The filing is mislabeled. Rather, it is GEICO's opposition to Defendants' Motion to Deny GEICO's Exclusion Request as Invalid and Ineffective and to Enforce Litigation Stays ("Motion to Deny"), filed on August 13, 2018.

## INTRODUCTION

On the cusp of this Court's final approval of the Round 3 settlements, a month after the deadline to submit objections, and two weeks after the Fairness Hearing, GEICO now moves this Court to stay its entry of final approval and final judgment.  GEICO does so because, having failed to submit a timely objection to the settlements on the schedule ordered by this Court, it is now attempting to preserve its opportunity to submit an *untimely* objection in the event the Court ultimately determines that GEICO's disputed exclusion request is invalid.  GEICO's baseless attempt to delay a fairness determination and final judgment in the Round 3 settlements is nothing more than a strategic ploy to derail resolution of this multi-year litigation and delay distribution of settlement funds to class members.  This, despite the Court's conclusion at the Fairness Hearing that these settlements with 32 defendants, totaling more than $417 million, are "fair, reasonable and adequate," and that "[c]ertainly the public . . . will benefit from the resolution of this matter because the issues are very complex and they are very numerous, and the agreement takes care of that."  H'g Tr. Aug. 1, 2018, at 18:13-14 & 21:6-11.

If the Court were to grant GEICO's request, the finality of the Round 3 settlements would be placed in an indefinite limbo.  Class members would not receive their payouts.  Defendants would continue to litigate after they thought peace in these long, hard-fought, and complex cases had finally been achieved.  GEICO's request that class members and Defendants be made to wait even longer to enjoy the benefits of these settlements is profoundly unfair given that GEICO sat on its rights and missed deadlines of which it was aware.

There is no dispute that GEICO (i) knew about the July 13 deadline to submit objections and failed to do so; (ii) was on notice before the Fairness Hearing on August 1 that Defendants

---

Accordingly, the arguments in GEICO's August 27 opposition are outside the scope of this brief and will be timely addressed by Defendants in a reply in support of their Motion to Deny.

disputed the validity of GEICO's exclusion request and considered GEICO to be a member of the settlement class; and (iii) failed to appear at the Fairness Hearing to protect its interests or otherwise express its view as to the settlements.  Furthermore, GEICO cannot defend its failure to submit a timely objection by claiming that it could not object as a putative opt-out, because it has represented to this Court in connection with the Round 1 settlements that it can object to the fairness of settlements *regardless of whether it opted out or not*.  In short, GEICO is now attempting to upend these settlements and delay indefinitely the distribution of hundreds of millions of dollars to class members because it failed to lodge a timely objection to the settlements, and now wants the opportunity to submit an untimely one.  This Court should not penalize class members and Defendants by delaying final approval of these settlements on account of GEICO's lack of diligence in representing its interests.

GEICO moved to intervene in these cases contending that it needed to intervene to submit an objection or defend the validity of its exclusion request.  But it is black letter law that an absent class member such as GEICO may appear before the Court to be heard on these issues without intervening.  Indeed, the proposed final judgments submitted by Settlement Class Counsel explicitly *protect* GEICO's right to be heard on its disputed exclusion request.  Because GEICO's motion to intervene is wholly unnecessary, the Court should deny it.  And even if the Court considered the substance of GEICO's request to intervene – and, to be clear, it does not need to – it would fail on the merits, because GEICO's request to intervene is untimely.

**ARGUMENT**

**I.      THE COURT SHOULD DENY GEICO'S REQUEST TO STAY A FINAL FAIRNESS DETERMINATION AND ENTRY OF FINAL JUDGMENT.**

GEICO argues that this Court "should stay its final fairness determination and entry of final judgment approving the Round 3 Settlements until GEICO receives an opportunity to be

heard on the opt out issue," because GEICO "would object" to the settlements "if it had not

opted out." Mot. at 22. In other words, GEICO presumably seeks to preserve the ability to lodge

an untimely (and still undisclosed) objection to the settlements if this Court ultimately concludes

that the insurer's exclusion request is invalid. But the demand letters that GEICO sent to most

Round 3 settling Defendants demonstrate that GEICO knew the precise date of the deadline for

objections. *See, e.g.*, Ex. H to Defs.' Mot. to Deny, ECF No. 237, AVRP Docket (No. 13-cv-

00803) ("Demand Letter"). GEICO has only itself to blame for failing to object to the

settlements by the Court-ordered deadline, and the Court should not stay final approval to

accommodate GEICO's lack of diligence. Particularly so, when delaying final judgment would

harm the settlement class and Defendants by disrupting the settlement process and hold hostage

the payment of settlement proceeds to class members.[3]

> **A.   The Court Should Not Delay Final Approval To Accommodate GEICO's Interest In Submitting An Untimely Objection to the Settlement.**

As GEICO acknowledges, a party seeking a stay "has the burden of proving that it will

suffer irreparable injury" if the proceedings move forward. *See* Mot. at 22 (citing *Int'l Bhd. of

Elec. Workers, Local Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879

F.2d 864, at *8 (6th Cir. 1989)). It must also show "that there is pressing need for delay." *Ohio

Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)

(cautioning courts to "tread carefully" in granting a stay). GEICO argues that entering final

judgment now may cause irreparable harm by undermining its "right to be heard" on the validity

of its disputed exclusion request. *See* Mot. at 22. But the proposed final judgments lodged with

---

[3]   GEICO moved to intervene on the apparent belief that it needed to do so in order to request a stay of final approval, defend its exclusion request, and potentially lodge an objection to the settlements. For the reasons described below (at pp. 10-13), that is incorrect. As such, Defendants begin this opposition by addressing GEICO's request to stay entry of final judgment before turning to its request to intervene.

the Court by Settlement Class Counsel on August 27, 2018, explicitly *protect* GEICO's right to

be heard on that issue.  Specifically, the proposed final judgments provide that:

> 11.  Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Judgment; (b) the enforcement of the Agreement; …
>
> …
>
> 13.  A request for exclusion from the Settlement Class has been received from GEICO and its expressly identified affiliates. [Defendant] has raised objections to the validity and effect of this request.  The Court will resolve those objections in a subsequent order in the above-captioned action pursuant to Paragraph 11 above. Accordingly, without affecting the finality of this Judgment in any way, the Court hereby retains exclusive and continuing jurisdiction to determine the validity and effect of the request for exclusion submitted by GEICO and its expressly identified affiliates notwithstanding the entry of this Judgment.

This language moots any argument that GEICO's request "to be heard on the opt out issue," *see*

Mot. at 22, is grounds for delaying final judgment.

Rather, it appears GEICO's real concern is preserving its ability to lodge an unspecified

objection to the fairness of the settlements if the Court ultimately determines that its exclusion

request is invalid.  As GEICO coyly notes, entering final judgment now "could potentially

negatively impact its ability to object to the Round 3 Settlements."  *See* Mot. at 22.  Even

assuming *arguendo* that GEICO has a substantive objection it would wish to assert,[4] this

argument fails because GEICO *had* an opportunity to submit a timely objection to the settlement

but *chose* not to do so.  This Court should not delay entering final judgment on account of

GEICO's failure to exercise basic diligence in representing its interests.

---

[4]     It is unclear what specific "objection" GEICO would assert.  Its motion to intervene does not identify any objection with specificity.

A review of the deadlines for objections is in order: this Court first set a schedule with regard to the Round 3 settlements on March 13, 2018, when it ordered class notice to be disseminated, set July 13, 2018 as the deadline to lodge any objections, and scheduled the Fairness Hearing for August 1, 2018. *See, e.g.*, Order Granting Authorization To Disseminate Class Notice, ECF No. 226 & Long-Form Class Notice ("Class Notice"), ECF No. 225-3, AVRP Docket (No. 13-cv-00803). The Class Notice warned: "The Round 3 Settlement Agreements describe the released claims in detail, so read them carefully since those releases will be binding on you if the Court approves these Settlements." *See* Class Notice § 16. Beginning in May 2018, GEICO began its campaign of sending demand letters to the Round 3 settling Defendants. In each letter, GEICO purported to estimate its damages and observed that "GEICO would consider foregoing its right to object or opt out of the Round 3 Settlements if your clients are interested in reaching a settlement before the date established in the Order for exclusions and objections." *See* Demand Letter at 2. The letters concluded with an extortionate settlement demand that often dwarfed the entire amount of that defendant's settlement with EPPs and set a payment deadline of July 9, just days before the objection deadline. *See id.* at 3. These letters demonstrate that, as early as May 2018, GEICO was already considering objections to the settlements and was aware of its July 13 deadline to do so.

In addition, GEICO was apprised, starting at least two days before the Fairness Hearing, of Defendants' challenge to the validity of its exclusion request. First, many settling Defendants sent letters to GEICO on July 30 and July 31 stating in no uncertain terms that Defendants "contest the validity of GEICO's opt out from the End Payor Plaintiffs' Settlement Agreement." *See, e.g.*, Ex. B to Defs.' Mot. to Deny, ECF No. 237, AVRP Docket (No. 13-cv-00803). Then, on July 31, Defendants filed notices on the public docket to advise the Court that "they dispute,

and are in the process of meeting and conferring concerning, the validity of the request of [GEICO] to be excluded from the settlement classes created by settlements that are the subject of the fairness hearing scheduled for August 1, 2018." *See* Notice to the Court, ECF. No. 236, AVRP Docket (No. 13-cv-00803).[5]  Even though GEICO was on notice that Defendants asserted that GEICO's exclusion request was invalid and that GEICO remained a member of the settlement classes, GEICO still did not attempt to object to the settlements.  Nor did GEICO appear at the Fairness Hearing.

GEICO may attempt to explain its failure to timely object by claiming that it was a purported opt out and could no longer object.  But, as set forth above, GEICO knew *before* the Fairness Hearing that Defendants disputed the validity of its exclusion request, and it still did not appear at the hearing to represent its interests or address any issues concerning how the settlements might bind them.  In addition, GEICO has advocated exactly the *opposite* position earlier in this litigation: specifically, GEICO has argued that opt-outs can still object to the fairness of settlements.  In its opposition to defendants' motion to dismiss GEICO's Round 1 complaint, GEICO argued that even if this Court concluded GEICO had released its claims against those settling defendants, as an opt-out it could still challenge the fairness of the class settlements "under the 'plain legal prejudice' standard."  *See* GEICO's Opp'n to Round 1 Motion to Dismiss, June 12, 2017, ECF No. 65, GEICO Round 1 Action (No. 16-cv-13189), at 32-33 (capitalization removed).  As GEICO argued in that filing, "courts have found that a party 'may challenge a settlement agreement to which [it] is not a party if the agreement will cause [it] 'plain legal prejudice.'"  *See id.* (quoting *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 31

---

[5]   GEICO complains that Defendants did not file these notices in the docket for its Round 3 opt-out complaint, *see* Mot. at 10, but no defendant has been served or appeared in that case.

(D.C. Cir. 2000)).[6]  In other words, GEICO could have attempted, before the July 13 deadline, to assert an objection to the settlement pursuant to the "plain legal prejudice" standard that it has advocated before.[7]

Not only did GEICO fail to submit a timely objection, but any objection it attempted to submit now would be untimely.  This Court has already established that it will not entertain belated objections to the *Auto Parts* settlements.  In the Round 2 settlements, this Court struck objections that were filed in each part case after the objection deadline, even though they were only three weeks late, filed prior to the fairness hearing, and counsel for the objectors attended the fairness hearing to voice the objections.  *In re Auto. Parts Antitrust Litig.*, 2017 WL 3499291, at *7 (E.D. Mich. July 10, 2017), *appeal dismissed sub nom. In re: Wire Harnesses*, 2017 WL 5664917 (6th Cir. Sept. 15, 2017).  And, as this Court rightly observed, other "[c]ourts routinely strike objections to class action settlements that are filed after the objection deadline." *See id.* (citing cases).  There is no reason to deviate from that rule now and delay entry of final judgment to entertain GEICO's newfound interest in submitting an objection to the Round 3 settlements after the deadline it knew about and ignored.

In its letters seeking to extort individual settlements from the settling Defendants, GEICO warned Defendants that it "is a sophisticated litigant in U.S. courts" and "understands the

---

[6]     *Cf. Mayfield v. Barr*, 985 F.2d 1090, 1093 (D.C. Cir. 1993) (party may challenge a settlement agreement to which it is not a party if the agreement will cause "plain legal prejudice" by stripping "the party of a legal claim or cause of action"); *Alumax Mill Prods. v. Congress Fin. Corp.*, 912 F.2d 996, 1002 (8th Cir. 1990) (allowing non-settling defendant to challenge a partial settlement that dismissed with prejudice its cross-claims and stripped it of indemnity and contribution rights).

[7]     Defendants are not conceding that any objection GEICO attempted to assert under the "plain legal prejudice" standard would have been valid or timely.  The relevant point is that GEICO did not even attempt to do so.

litigation risks to it." *See* Demand Letter at 3. This "sophisticated litigant" had all the information it needed to assert a timely objection to these settlements by the deadline to do so, and GEICO has argued previously that it had the right to do so regardless of whether it opted out. *See* GEICO's Opp'n to Round 1 Motion to Dismiss, at 33. GEICO asserted that it knew the "litigation risks," including presumably the risks inherent in failing to file a timely objection. And yet GEICO chose not to do so, and is now seeking to remedy that omission by baselessly seeking to delay entry of final judgment. The Court should reject GEICO's request, because any objection filed by GEICO now would be untimely under this Court's precedent.

### B. Settlement Class Members and Defendants Would Be Harmed If the Court Stays Entry of Final Judgment.

A party seeking a stay must also prove "that the non-moving party will not be injured by a stay." *Int'l Bhd. of Elec. Workers*, 879 F.2d at *8. GEICO fails this test: it is clear that staying final judgment would harm both settlement class members as well as Defendants. *First*, delaying final judgment until GEICO's disputed exclusion request is resolved would leave these settlements in limbo for an indefinite amount of time. *Second*, it would also delay payment of hundreds of millions of dollars in settlement proceeds to class members. *Third*, the settling Defendants would also be harmed by a delay in entering final judgment, as the releases they bargained and paid for do not become effective until then.

In sum, the real harm settlement class members and Defendants would suffer from a delay in entering final judgment militates in favor of entering final judgment now. GEICO's arguments to the contrary are not credible.[8]

---

[8]     Courts also consider whether granting a stay would "further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers*, 879 F.2d at *8. GEICO does not address this factor in its motion, but it favors Defendants' argument for entering final judgment now. The interests of judicial economy are served by entering a final judgment that gives class members and Defendants their bargained-for finality, while still allowing GEICO to

II.     **GEICO'S MOTION TO INTERVENE IS BOTH UNNECESSARY AND UNTIMELY.**

GEICO moved to intervene in the underlying lawsuits because it supposedly has "substantial interests in the issues concerning the validity of its opt out and the fairness determination" of the Round 3 settlements.  Mot. at 12.  But it is black letter law that GEICO, as an absent member of the settlement class, already possesses the right to present its interests to the Court.  This procedural point renders its request to intervene superfluous.  And even if intervention was necessary to preserve those interests – and again, it is not – GEICO's motion to intervene is untimely.

   A.     **GEICO Does Not Need To Intervene To Represent Its Interests With Regards to the Settlements.**

It is well established that GEICO, as an absent member of the settlement class in each parts case, is already permitted to participate in these settlement approval proceedings to preserve its interests.  GEICO's motion accordingly rests on a false premise – that it must intervene to defend the validity of its purported attempt to opt out or otherwise object to the settlements.  Because it does not, the Court should deny GEICO's request to intervene.

The Supreme Court has squarely held that "[n]onnamed class members" such as GEICO "may be parties for some purposes." *Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002).  The label "party" is "a conclusion about the applicability of various procedural rules that may differ based on context." *Id.* at 10.  Where an absent class member has an individual interest in the class action proceedings, that absent class member may participate for that limited purpose "to preserve their own interests" without intervening under Rule 24. *Id.* at 10-11.  Furthermore, the

_____

be heard on its exclusion request.  Conversely, leaving these settlements preliminarily approved but in limbo for some indeterminate amount of time hardly represents an economical use of judicial resources.

Sixth Circuit has held that "[t]he reality of class action litigation – wherein each class member is generally entitled to only a small damages claim – necessitates the application of *Devlin* to Rule 23(b)(3) class actions" of the type at issue in these settlements. *Fidel v. Farley*, 534 F.3d 508, 512-513 (6th Cir. 2008).

Following this guidance, it is well established that absent class members may assert an objection to a settlement, as GEICO is belatedly attempting to do here, without intervening. *See, e.g.*, *Doe v. Cin-Lan, Inc.*, 2011 WL 37970, at *4 (E.D. Mich., Jan. 5, 2011) (absent class members may object without intervening); *Bailey v. AK Steel Corp.*, 2008 WL 148941, at *6 (S.D. Ohio Jan. 14, 2008) (reasoning absent class members who sought to "investigate and evaluate the fairness of the proposed settlement" did not need to intervene to do so) (citing cases). Similarly, absent class members may be heard on issues related to requests for exclusion without intervening. *See, e.g.*, *Steinfeld v. Discover Fin. Servs.*, 2014 WL 1309352, at *3 (N.D. Cal. Mar. 31, 2014). As such, GEICO does *not* need to intervene to be heard by the Court on the validity of its opt-out and any objection it has to the settlements.

### B.   Even If GEICO Was Required To Intervene To Be Heard, Its Motion To Do So Is Untimely.

Even if GEICO was required to intervene to defend its exclusion request or lodge a potential objection to the settlements – and, as set forth above, it does not – its motion to do so under Rule 24(a) must be "timely." *See* Mot. at 12 (quoting *Parkwest Dev., LLC v. Ellahi,*, 2018 WL 3640433, at *2 (E.D. Mich. Aug. 1, 2018)). As GEICO observes in its motion, courts evaluating the timeliness of a motion to intervene look to, *inter alia*, the point to which the lawsuit had progressed, the purpose for which intervention is sought, how long the proposed intervenor knew of its interest in the case, and whether their delay in seeking intervention has

prejudiced the parties. *See* Mot. at 13 (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). Evaluated according to these factors, GEICO's motion is plainly untimely.

GEICO is seeking to intervene on the cusp of final approval and near the end of this years-long litigation. It is attempting to do so to save its ability to file a belated objection to the pending settlements in case the Court ultimately determines that GEICO has not properly opted out. But, as set forth in detail above (at pp. 3-9), GEICO waited until *after* the objection deadline and *after* the Fairness Hearing to file its motion, even though GEICO knew about those deadlines, knew Defendants were contesting the validity of its exclusion request, and previously argued to this Court that it could object to a settlement even as a valid opt-out. At bottom, GEICO made a strategic decision to *not* file a timely objection. Granting GEICO's request to intervene now would prejudice settlement class members and Defendants, for the reasons explained above. There is simply no plausible reading of the factors identified in *Jansen* that would justify permitting intervention on these facts and at this late date.[9]

### C.      The Court Should Deny GEICO's Alternative Request To Intervene Under Rule 24(b).

GEICO seeks, in the alternative, permissive intervention under Rule 24(b). *See* Mot. at 17. GEICO cites no authority for Rule 24(b) intervention in this situation; rather, it generally states that its substantive allegations are similar to those in the class actions. *See id.* But GEICO is not seeking intervention to join in the litigation of the merits of those substantive claims, which is the intended purpose of Rule 24(b). In addition, GEICO's casual assertions that intervention "will not prejudice any party or unduly delay the proceedings," and that GEICO

---

[9]      As discussed above, GEICO's motion to intervene is unnecessary. Even if the Court concluded otherwise, the request is plainly untimely. As such, Defendants are not addressing in this opposition the remaining factors relevant to a Rule 24 motion to intervene.

needs to intervene to respond to an issue of *Defendants'* "own making," are both clearly wrong, for the reasons discussed above. *Id.* Finally, as stated above, intervention under either Rule 24(a) or Rule 24(b) is unnecessary for the Court to resolve the validity and effect of GEICO's exclusion request.[10]

## CONCLUSION

For the foregoing reasons, the Court should deny GEICO's request to stay final approval and lodge an objection to the Round 3 settlements. GEICO failed to submit an objection by the deadline ordered by the Court, and any objection at this point would be untimely under the Court's precedent in this MDL. In addition, the Court should deny as unnecessary and untimely GEICO's motion to intervene under Rule 24, because GEICO is already before this Court as an absent class member and able to represent its interests. The Court should instead protect the interests of settlement class members and Defendants by bringing this long-running litigation to an end, giving the parties the finality they have bargained for, and entering without further delay the proposed final approval orders and final judgments.[11]

---

[10]    In addition, Rule 24(c) requires that a motion to intervene be served on the parties "as provided in Rule 5." Fed. R. Civ. P. 24(c). Likewise, Rule 24(c) required GEICO's motion to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *Id.* GEICO did neither. For this reason also, GEICO's motion to intervene must be denied.

[11]    GEICO's motion suffers from one additional flaw: GEICO did not meet and confer with Defendants before filing it, as is required by Local Rule 7.1(a). *See* Mot. at 2-3 (acknowledging GEICO "attempted" to confer with Defendants "shortly before filing the instant motion," was unable to do so, but filed the motion anyway because it "believe[d] it is necessary to have this motion on file as soon as practicable."). GEICO's "addendum" to its motion, filed two days after the original motion, merely states that GEICO conferred with Defendants *after* its motion was on file.

Dated:  August 28, 2018                    Respectfully Submitted,


                                            */s/ Maureen T. Taylor (w/ consent)*
                                           Herbert C. Donovan (P51939)
                                           Maureen T. Taylor (P63547)
                                           **BROOKS WILKINS SHARKEY & TURCO
                                           PLLC**
                                           401 Old South Woodward, Suite 400
                                           Birmingham, MI 48009
                                           Telephone: (248) 971-1721
                                           Fax: (248) 971-1801
                                           taylor@bwst-law.com
                                           donovan@bwst-law.com


                                                    *And*


                                            */s/ Anita F. Stork (w/consent)*
                                           Anita F. Stork
                                           **COVINGTON & BURLING LLP**
                                           One Front Street, 35th Floor
                                           San Francisco, CA, 94102
                                           Tel: 415-591-6000
                                           Fax: 415-955-6091
                                           Email: astork@cov.com


                                           *Counsel for Alps Electric Co., Ltd.; Alps Electric
                                           (North America), Inc.; and Alps Automotive, Inc.*



                                            */s/ Michael A. Rubin (w/consent)*
                                           James L. Cooper
                                           Michael A. Rubin
                                           Adam Pergament
                                           Matthew Oster
                                           **ARNOLD & PORTER KAYE SCHOLER LLP**
                                           601 Massachusetts Ave., NW
                                           Washington, DC 20001
                                           Telephone: (202) 942-5000
                                           james.cooper@arnoldporter.com
                                           michael.rubin@arnoldpoerter.com
                                           adam.pergament@arnoldporter.com
                                           matthew.oster@arnoldporter.com


                                           Fred K. Herrmann (P49519)

Joanne G. Swanson (33594)
**KERR, RUSSELL AND WEBER, PLC**
500 Woodward Avenue
Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
fherrmann@kerr-russell.com
jswanson@kerr-russell.com

*Counsel for Yamashita Rubber Co., Ltd. and YUSA
Corporation*


 /s/ *Barry A. Pupkin (w/consent)*
Barry A. Pupkin
Jeremy W. Dutra
**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
Barry.Pupkin@squirepb.com
Jeremy.Dutra@squirepb.com

*Counsel for Defendants Aisan Industry Co., Ltd.,
Aisan Corporation of America, Franklin Precision
Industry, Inc., and Hyundam Industrial Co., Ltd.*


 /s/ *George A. Nicoud III (w/consent)*
George A. Nicoud III
Joshua D. Dick
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission St., Ste. 3000
San Francisco, CA 94105
Tel: (415) 393-8200
Fax: (415) 374-8451
TNicoud@gibsondunn.com
JDick@gibsondunn.com

*Counsel for ALPHA Corporation and Alpha
Technology Corporation*


 /s/ *John Roberti (w/consent)*
John Roberti

15

**ALLEN & OVERY LLP**
1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
john.roberti@allenovery.com

Michael S. Feldberg
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

*Counsel for Defendants Robert Bosch GmbH and Robert Bosch LLC*


 /s/ Steven A. Reiss
Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
Kaj Rozga
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com
kaj.rozga@weil.com

*Counsel for Defendants Bridgestone Corporation and Bridgestone APM Company*


 /s/ Steven A. Reiss
Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com

16

adam.hemlock@weil.com
lara.trager@weil.com

*Counsel for Defendants Calsonic Kansei
Corporation and CalsonicKansei North America,
Inc.*


  */s/ Michael Martinez (w/consent)*
Michael Martinez
Steven Kowal
Molly K. McGinley
Lauren Norris Donahue
**K&L GATES LLP**
70 W. Madison St., Suite 3100
Chicago, IL 60602
Phone: 312-807-4404
Fax: 312-827-8116
michael.martinez@klgates.com
steven.kowal@klgates.com
molly.mcginley@klgates.com
lauren.donahue@klgates.com

William R. Jansen (P36688)
Michael G. Brady (P57331)
Amanda M. Fielder (P70180)
**WARNER NORCROSS & JUDD LLP**
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
Phone: 248-784-5000
wjansen@wnj.com
mbrady@wnj.com
afielder@wnj.com

*Counsel for Chiyoda Manufacturing Corporation
and Chiyoda USA Corporation*


  */s/  Ronald M. McMillan (w/consent)*
John J. Eklund (OH 0010895)
Maura L. Hughes (OH 0061929)
Ronald M. McMillan (OH 0072437)
Alexander B. Reich (OH 0084869)
**CALFEE, HALTER & GRISWOLD LLP**
The Calfee Building
1405 East Sixth Street

17

Cleveland, OH 44114-1607
(216) 622-8200 (Phone)
(216) 241-0816 (Fax)
jeklund@calfee.com
mhughes@calfee.com
rmcmillan@calfee.com
areich@calfee.com

Maureen T. Taylor
Herbert C. Donovan
**BROOKS, WILKINS, SHARKEY & TURCO
PLLC**
401 South Old Woodward, Suite 400
Birmingham, MI 48009
(248) 971-1800 (Phone)
(248) 971-1801 (Fax)
taylor@bwst-law.com
donovan@bwst-law.com

*Attorneys for Defendant Continental Automotive
Systems, Inc., Continental Automotive Electronics,
LLC, and Continental Automotive Korea Ltd.*


 /s/  Abram J. Ellis (w/consent)
Abram J. Ellis
**SIMPSON THACHER & BARTLETT LLP**
900 G Street NW
Washington, DC 20001
Telephone: 202-636-5500
aellis@stblaw.com

George S. Wang
Shannon K. McGovern
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
gwang@stblaw.com
smcgovern@stblaw.com

*Counsel for Defendants Diamond Electric Mfg. Co.,
Ltd. and Diamond Electric Mfg. Corp.*


 /s/ Michael F. Tubach (w/consent)

18

Michael F. Tubach
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8876
Facsimile: (415) 984-8701
mtubach@omm.com

*Counsel for Defendants Eberspächer Exhaust Technology GmbH & Co. KG, Eberspächer North America, Inc., MAHLE Behr GmbH & Co. KG, and MAHLE Behr USA Inc.*


 */s/ Howard B. Iwrey (w/consent)*
Howard B. Iwrey (P39635)
Cale A. Johnson (P78032)
Cody D. Rockey (P78653)
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
cjohnson@dykema.com
crockey@dykema.com

Jeremy J. Calsyn
Tara L. Tavernia
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500 (Phone)
(202) 974-1999 (Facsimile)
jcalsyn@cgsh.com
ttavernia@cgsh.com

*Counsel for Faurecia Abgastechnik GmbH, Faurecia Systèmes d'Échappement, Faurecia Emissions Control Technologies, USA, LLC and Faurecia Emissions Control Systems, N.A., LLC*


 */s/ Craig S. Seebald (w/consent)*

19

Craig S. Seebald
Alden L. Atkins
Lindsey Vaala
Ryan Will
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave., NW
Suite 500 – West
Washington, DC 20037
(202) 639-6500 (Telephone)
(202) 879-8995 (Facsimile)
cseebald@velaw.com
aatkins@velaw.com
lvaala@velaw.com
rwill@velaw.com

*Attorneys for Hitachi Automotive Systems, Ltd.*


  /s/ A. Paul Victor (w/consent)
A. Paul Victor
Jeffrey L. Kessler
David Greenspan
James F. Lerner
Elizabeth A. Cate
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
(212) 294-4616
PVictor@winston.com
JKessler@winston.com
DGreenspan@winston.com
JLerner@winston.com
ECate@winston.com

*Attorneys for Defendants Hitachi Metals, Ltd.,*
*Hitachi Cable America Inc.,*
*and Hitachi Metals America, Ltd.*


  /s/ Howard B. Iwrey (w/consent)
Howard B. Iwrey (P39635)
Cale A. Johnson (P78032)
Cody D. Rockey (P78653)
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304

20

Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
cjohnson@dykema.com
crockey@dykema.com

*Counsel for INOAC Corporation, INOAC Group
North America, LLC, and INOAC USA Inc.*


 */s/ Heather P. Lamberg (w/consent)*
Heather P. Lamberg
Keith R. Palfin
**WINSTON & STRAWN LLP**
1700 K Street, N.W.
Washington, DC 20006
Phone: (202) 228-5000
Fax: (202) 202-5100
HLamberg@winston.com
KPalfin@winston.com

Cristina M. Fernandez
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Phone: (212) 294-6700
Fax: (212) 294-4700
CFernandez@winston.com

*Attorneys for Defendants JTEKT Corporation,
JTEKT Automotive North America, Inc., and
JTEKT North America Corp., formerly
d/b/a Koyo Corporation of U.S.A.*


 */s/ Sheldon H. Klein (w/consent)*
Sheldon H. Klein (P41062)
**BUTZEL LONG**
41000 Woodward Avenue
Stoneridge West
Bloomfield Hills, MI 48304
248-258-1414
klein@butzel.com

Richard S. Snyder, Sr.
Freshfields Bruckhaus Deringer US LLP

700 13th Street, NW
10th Floor
Washington, DC 20005
202-777-4565
Richard.snyder@freshfields.com

*Attorneys for Kiekert AG and Kiekert USA Inc.*

  /s/ Franklin R. Liss  (w/consent)
Franklin R. Liss
Matthew Tabas
Emily J. Blackburn
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
frank.liss@arnoldporter.com
matthew.tabas@arnoldporter.com
emily.blackburn@arnoldporter.com

  /s/ Howard B. Iwrey  (w/consent)
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

Counsel for Defendants Koito Manufacturing Co.,
Ltd. and North American Lighting, Inc.

  */s/ George A. Nicoud III (w/consent)*
George A. Nicoud III
Rachel S. Brass
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel: (415) 393-8200
TNicoud@gibsondunn.com
RBrass@gibsondunn.com

22

Michael R. Dezsi
**DETTMER & DEZSI PLLC**
615 Griswold Street, Suite 1600
Detroit, Michigan 48226
Tel: (313) 879-1206
mdezsi@Dezsilaw.com

*Counsel for Defendants MITSUBA Corporation and*
*American Mitsuba Corporation*


  */s/ Kenneth R. Davis II (w/consent)*
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
Peter D. Hawkes
Hans N. Huggler
**LANE POWELL PC**
MODA Tower
601 SW Second Avenue, Suite 2100
Portland, OR  97204-3158
Telephone: 503.778.2100
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com
hawkesp@lanepowell.com
hugglerh@lanepowell.com


Larry S. Gangnes
Heidi B. Bradley
**LANE POWELL PC**
U.S. Bank Centre
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA  98111-9402
Telephone: 206.223.7000
gangnesl@lanepowell.com
bradleyh@lanepowell.com


Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
**KEMP KLEIN LAW FIRM**
201 West Big Beaver, Suite 600
Troy, MI 48084

23

Telephone: 248.528.1111
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Nachi-Fujikoshi Corp.*
*and Nachi America Inc.*


*/s/ Stefan M. Meisner (w/consent)*
Stefan M. Meisner (DC Bar No. 467886)
Daniel G. Powers (DC Bar No. 997749)
Emre N. Ilter (DC Bar No. 984479)
Lisa A. Peterson (DC Bar No. 1020986)
**McDERMOTT WILL & EMERY, LLP**
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC 20001
Telephone: (202) 756-8000
Facsimile:  (202) 756-8087
smeisner@mwe.com
dgpowers@mwe.com
eilter@mwe.com
lpeterson@mwe.com

James C. Thomas (P23801)
**O'REILLY RANCILIO, P.C.**
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
586-726-1000
jthomas@orlaw.com

*Counsel for NGK Insulators, Ltd. and*
*NGK Automotive Ceramics USA, Inc.*


 */s/ John M. Majoras (w/consent)*
John M. Majoras
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel:  (202) 879-7652
jmajoras@jonesday.com

Eric P. Enson
**JONES DAY**
555 South Flower St., 50th Floor

24

Los Angeles, CA 90071
Tel:  (213) 489-3939
epenson@jonesday.com

Stephen J. Squeri
**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Tel:  (216) 586-7237
sjsqueri@jonesday.com

Ellen L. Maxwell-Hoffman
**BOWLES RICE LLP**
600 Quarrier Street
Charleston, WV 25301
Tel:  (304) 347-1186
emaxwell@bowlesrice.com

*Attorneys for Defendants  NGK Spark Plug Co.,
Ltd. and NGK Spark Plugs (U.S.A.), Inc.*


 */s/ Howard B. Iwrey (w/consent)*
Howard B. Iwrey (P39635)
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Tel: (248) 203-0526
hiwrey@dykema.com
          *And*


 */s/ Rachel J. Adcox (w/consent)*
Rachel J. Adcox
**AXINN, VELTROP & HARKRIDER LLP**
950 F Street NW
Washington, DC 20004
(202) 721-5406
radcox@axinn.com

John M. Tanski
90 State House Square, 9th Fl.
Hartford, CT 06103
(860) 275-8175
jtanski@axinn.com

Nicholas E.O. Gaglio

25

114 West 47th Street
New York, NY 10036
(212) 728-2228
ngaglio@axinn.com

*Counsel for Nishikawa Rubber Co. Ltd.*


  */s/  Millicent Lundburg (w/consent)*
J. David Rowe
Millicent Lundburg
**DUBOIS, BRYANT & CAMPBELL, LLP**
Colorado Tower
303 Colorado, Suite 2300
Austin, Texas  78701
(512) 457-8000
(512) 457-8008 (fax)
drowe@dbcllp.com
mlundburg@dbcllp.com

*Attorneys for Defendants Sanden Automotive*
*Components Corp.; Sanden Automotive Climate*
*Systems Corp.; and Sanden International (USA),*
*Inc.*


  */s/ Debra H. Dermody (w/consent)*
Debra H. Dermody
Michelle A. Mantine
**REED SMITH LLP**
225 Fifth Avenue
Pittsburgh, PA 15222
Tel: (412) 288-3302/4268
Fax: (412) 288-3063
ddermody@reedsmith.com
mmantine@reedsmith.com
        *And*

*/s/ Howard B. Iwrey (w/consent)*
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Tel: (248) 203-0526
Fax: (248) 203-0763

26

hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Defendant SKF USA Inc.*


 /s/ Abram J. Ellis (w/consent)
Abram J. Ellis
**SIMPSON THACHER & BARTLETT LLP**
900 G Street NW
Washington, DC 20001
Telephone: 202-636-5500
aellis@stblaw.com

George S. Wang
Shannon K. McGovern
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
gwang@stblaw.com
smcgovern@stblaw.com

*Counsel for Defendants Stanley Electric Co., Ltd.,*
*Stanley Electric U.S. Co., Inc., and II Stanley Co.,*
*Inc.*


 /s/ James H. Mutchnik (w/consent)
James H. Mutchnik
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2350
james.mutchnik@kirkland.com

Eliot A. Adelson
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1413
Facsimile: (415) 439-1313
eliot.adelson@kirkland.com

Catie Ventura
**KIRKLAND & ELLIS LLP**

27

655 Fifteenth Street,  N.W
Washington, D.C. 20005-5793
Telephone: (202) 879-5907
Facsimile: (202) 879-5200
catie.ventura@kirkland.com

Joanne Geha Swanson
Fred K. Herrmann
**KERR, RUSSELL AND WEBER, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Fax: (313) 961-0388
Email: jswanson@kerr-russell.com
        fherrmann@kerr-russell.com

*Counsel for Tenneco Inc.; Tenneco Automotive
Operating Co., Inc.; and Tenneco GmbH*

  */s/ David C. Giardina (w/consent)*
David C. Giardina
Kevin M. Fee
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL  60603
312-853-7000
dgiardina@sidley.com
kfee@sidley.com
        *And*

  */s/ Bradley J. Schram (w/consent)*
Bradley J. Schram
MI Bar # P26337
**HERTZ SCHRAM PC**
1760 S. Telegraph Road
Suite 3000
Bloomfield Hills, MI  48302
Tel.:  (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Attorneys for Defendants Toyo Tire & Rubber Co.,
Ltd., Toyo Automotive Parts (USA), Inc., and
Toyo Tire North America OE Sales LLC*

28

*/s/ Thomas G. McNeill (w/consent)*
Thomas G. McNeill (P36859)
L. Pahl Zinn (P57516)
Max A. Aidenbaum (P78793)
**DICKINSON WRIGHT PLLC**
500 Woodward Avenue, Ste 4000
Detroit, Michigan 48226
313.223.3500
tmcneill@dickinsonwright.com
pzinn@dickinsonwright.com
maidenbaum@dickinsonwright.com

*Attorneys for Usui Kokusai Sangyo Kaisha, Ltd.*
*and Usui International Corporation*


*/s/ Brian Byrne (w/consent)*
Brian Byrne
**CLEARY GOTTLIEB STEEN & HAMILTON**
**LLP**
2000 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 974-1850
Facsimile: (202) 974-1999
bbyrne@cgsh.com

*Attorney for Valeo S.A.*


*/s/ Donald M. Barnes (w/consent)*
Donald M. Barnes
Molly S. Crabtree
Ryan L. Graham
**PORTER WRIGHT MORRIS & ARTHUR LLP**
1900 K Street, NW, Suite 1110
Washington, D.C.  20006
(202) 778-3000
(202) 778-3063 (fax)
dbarnes@porterwright.com
mcrabtree@porterwright.com
rgraham@porterwright.com

*Attorneys for Defendants Yamada Manufacturing*
*Co., Ltd. and Yamada North America, Inc.*

## CERTIFICATE OF SERVICE

On this 28th day of August 2018, undersigned counsel caused a copy of the foregoing Defendants' Opposition to GEICO's Motion to Intervene and Stay Final Fairness Determination – *Expedited Treatment Requested* on all ECF participants via the Court's ECF system.

In addition, on this 28th day of August 2018, Cortlin H. Lannin of the law firm of Covington & Burling LLP caused a copy of the foregoing to be served by both electronic mail and First Class, U.S. Mail on the following non-ECF participants:

Frederick J. Baumann
Diane Hazel
Lewis Roca Rothgerber Christie LLP
1200 17th Street, Suite 3000
Denver, Colorado  80202-5855
fbaumann@lrr.com
dhazel@lrrc.com

Dan Goldfine
Lewis Roca Rothgerber Christie LLP
201 East Washington St., Suite 1200
Phoenix, AZ 85004
dgoldfine@lrrc.com

Kelly A. Myers
Rebecca J. Cassell
Myers & Myers, PLLC
915 N.. Michigan Avenue
Howell, MI 48843
kmyers@myers2law.com
rcassell@myers2law.com

*Counsel for GEICO Corporation and Its Affiliates*

_/s/     Steven A. Reiss_____
Steven A. Reiss
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com

*Counsel for Defendants Calsonic Kansei Corporation and CalsonicKansei North America, Inc.*